Fill in this information to identify your case:

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **BARA HOLDINGS 23 EAST, LLC** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 27-3323578 | |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **23 E Jackson Blvd**<br>**Chicago, IL 60604-2201**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook**<br>County | Location of principal assets, if different from principal place of business |
| | **23 E Jackson Blvd Chicago, IL 60604-2201**<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)  _____

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **BARA HOLDINGS 23 EAST, LLC**                                   Case number *(if known)* _____
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   ⎯⎯ ⎯⎯

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? | ☐ No. |
|---|---|---|
|    |                                                                                    | ■ Yes. |

If more than 2 cases, attach a separate list.

| District | **Northern District of Illinois** | When | **8/23/12** | Case number | **12-33535** |
|---|---|---|---|---|---|
| District | **Northern District of Illinois** | When | **6/28/13** | Case number | **13-26593** |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ■ No |
|---|---|---|
|     |                                                                                                       | ☐ Yes. |

List all cases. If more than 1, attach a separate list

| Debtor | _____ | | Relationship | _____ |
|---|---|---|---|---|
| District | _____ | When _____ | Case number, if known | _____ |

make current payments to secured creditors whose property you intend to use during the chapter 11 proceeding or who have a right to adequate protection payments. BARA will also be required to remain current on the payments of all utilities for services rendered after the case is filed.

## PROPERTY OF THE ESTATE

The filing of the Chapter 11 case creates an estate. All of the real and personal property that belongs to BARA when the case is filed and all of the real and personal property that is acquired by BARA after the case is filed becomes property of the estate. The court has jurisdiction of all property of the estate. BARA cannot sell of dispose of property of the estate without the court's authority. If the BARA chapter 11 case is converted to a chapter 7 liquidation and a trustee is appointed, all of the property of the estate at the time the case is converted will belong to the chapter 7 trustee for the benefit of BARA's creditors.

## TERMINATION OF AGREEMENT

You understand that we will not be able to provide adequate legal representation for BARA if you fail to provide us with complete and accurate information or fail to fully cooperate with us. You further understand that your failure to provide information, to cooperate with us or to fulfill your duties during the Chapter 11 case may increase the cost of the legal services we render, may result in the Chapter 11 case being dismissed by the court or converted to a Chapter 7 liquidation.

We reserve the right to withdraw as the attorney of record for BARA and to terminate this agreement (1) if our legal fees and expenses are not paid as set forth in this agreement, (2) if you fail to cooperate with us during the Chapter 11 proceeding,(3) if you fail to comply with any requirement of the United States Trustee (4) if you fail to obey an order of the Bankruptcy Court (5) if the case is converted to a Chapter 7 or (6) if you fail to comply with any other terms of this agreement.

Either party may terminate this agreement with or without cause and at any time upon giving written notice to the other party. The termination of this agreement will not affect the obligation to pay any outstanding legal fees. We agree that if this agreement is terminated we will provide copies of documents in our files to you provided you have paid any outstanding legal fees and expenses, including copy charges for copying the files.

Page 4 of 5

## ENTIRE AGREEMENT

This agreement contains our full and complete understanding with respect to the subject matter hereof. This agreement supersedes all prior representations and understandings whether written or oral. This agreement shall be governed by the laws of the State of Illinois in all respects. This agreement may be executed by facsimile, electronically, and in counterparts.

Very truly yours,

PORTER LAW NETWORK

By: _____
       Karen J. Porter

BARA HOLDINGS 23 EAST, LLC

By: _____
       Rocky Aiyash

By: _____
       Matthew T. Aiyash

Page 5 of 5

Debtor    **BARA HOLDINGS 23 EAST, LLC**
_____    Case number (*if known*) _____
Name

| | |
|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:*<br><br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br><br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br> What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br> Number, Street, City, State & ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br><br>☐ Yes.  Insurance agency _____<br> Contact name _____<br> Phone _____ |

▬▬ Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☐ Funds will be available for distribution to unsecured creditors.<br><br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **BARA HOLDINGS 23 EAST, LLC** _____   Case number (*if known*) _____
 Name

■ **Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
**of authorized**
**representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **September 21, 2016**
 MM / DD / YYYY

X  /s/ **Matthew T. Aiyash**    _____
 Signature of authorized representative of debtor

**Matthew T. Aiyash**
Printed name

Title   **Manager** _____

---

**18. Signature of attorney**

X  /s/ **Karen Jackson Porter** _____   Date  **September 21, 2016**
 Signature of attorney for debtor                          MM / DD / YYYY

**Karen Jackson Porter**
Printed name

**Porter Law Network**
Firm name

**230 West Monroe St.  Suite 240**
**Chicago, IL 60606**
Number, Street, City, State & ZIP Code

Contact phone _____   Email address  **porterlawnetwork@gmail.com**

**6188626**
Bar number and State

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 4

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

IN RE:

Case No. _____

BARA HOLDINGS 23 EAST, LLC

Chapter 11 _____

Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS

| Registered name and last known address of security holder | Shares (or Percentage) | Security Class (or kind of interest) |
|---|---|---|
| Matthew T. Aiyash<br>3110 35th St<br>Oak Brook, IL  60523-2639 | 100 | Member and Manager |

© 2016 CNigroup 1 1996 218.(003 – CNicompass (www.cnicompass.com)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARA HOLDINGS | ) | |
| 23 EAST, LLC. | ) | Case No. |
| | ) | |
| | ) | |
| Debtor. | ) | Judge |

## LIST OF CREDITORS

BARA Chicago, LLC
3110 35th St
Oak Brook, IL  60523-2639


Heartland Payment Systems
90 Nassau St
Princeton, NJ  08542-4529


Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL  60664-0338


Internal Revenue Service
Centralized Bankruptcy Operations
PO Box 7346
Philadelphia, PA  19101-7346

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, IL 60606
(312) 372-4400
Fax (312) 372-4160
Atty No 6188626

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re   **BARA HOLDINGS 23 EAST, LLC** _____    Case No. _____
                                                    Debtor(s)                Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | | |
    |---|---|---:|
    | For legal services, I have agreed to accept | $ | **11,717.00** |
    | Prior to the filing of this statement I have received | $ | **6,700.00** |
    | Balance Due | $ | **5,017.00** |

2.  The source of the compensation paid to me was:

    ☐ Debtor     ■ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor     ☐ Other (specify):

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law
    firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
    copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **The filing fee has been paid.  The final compensation will be the amount determined by the court after ruling
        upon applications for compensation submitted by the court.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**September 21, 2016** _____          **/s/ Karen Jackson Porter** _____
*Date*                                                   **Karen Jackson Porter**
                                                         *Signature of Attorney*
                                                         **Porter Law Network**

                                                         **230 West Monroe St.  Suite 240**
                                                         **Chicago, IL 60606**

                                                         **porterlawnetwork@gmail.com**
                                                         *Name of law firm*

---

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

**PORTER LAW NETWORK**
**230 WEST MONROE, SUITE 240**
**CHICAGO, IL 60606**
**312- 372-4400**

## AGREEMENT TO PROVIDE LEGAL SERVICES

September 21, 2016

Mr. Rocky Aiyash
Manager
BARA HOLDINGS 23 EAST LLC
3110 W. 35th Street
Oak Brook, Il 60523

    Re:  Chapter 11 Case:

    On behalf of our firm I want to thank you, as Manager of BARA HOLDINGS 23 EAST LLC ("BARA"), for selecting us to represent BARA in connection with a Chapter 11 case.

    Lawyers are required, under the Rules of Professional Conduct, before beginning the representation of a client to communicate to the client the scope of the representation, the basis for the legal fees and the rates that will charged to the client.

### SCOPE OF LEGAL SERVICES

    We agree to perform legal services in connection with a Chapter 11 bankruptcy case for BARA.   The representation will include the legal services necessary to file the Chapter 11 case; stabilize the business operations of BARA; restructuring the debt of BARA and complete the Chapter 11 Case by (i) confirming a plan of reorganization, (ii) converting the Chapter 11 case to a Chapter 7 case or (iii) dismissing the Chapter 11 case.

### ATTORNEYS RESPONSIBILITIES

    Karen J. Porter and the Porter Law Network will perform the following legal services in connection with the  BARA Chapter 11 case:

    (a)    To give BARA legal advice with respect to its powers and duties as a debtor-in-possession in the continued management of its assets;

    (b)    To prepare such applications, motions, complaints, orders, reports, pleadings, plans, disclosure statements or other papers on BARA behalf that may be necessary in connection with this case;

    (c)    To attend meetings of creditors and meetings with third parties;

Page **1** of **5**

(d)     To assist BARA with its business operations:

(e)     To assist BARA in preparing and obtaining the court's approval of a plan of reorganization and disclosure statement in order to preserve the value of its assets;

(f)     To take such action as may be necessary with respect to claims that may be asserted against BARA and

(g)     To perform any other legal services for BARA which may be required in connection with this case.

## ATTORNEY'S FEES AND COSTS

We will charge BARA the following hourly rates for the legal services provided by the attorneys and staff that will be performing the legal services: $425.00 per hour for the services of Karen J. Porter; $300.00 to $200.00 per hour for the services of any associated attorneys and $175.00 for the services of our law clerks and legal assistants.

We will charge BARA for the expenses that are required for a Chapter 11 case.  Such expenses will include, but are not limited to: (1) court filing fees; (2) the actual cost of photocopies; (3) messenger deliveries; (4) actual cost of postage for notices to creditors; (5) actual cost of court reporters and transcripts; and (6) computerized case docketing and legal research.  We reserve the right to charge BARA for any other reasonable and necessary expense that we incur in connection with the Chapter 11 case.

We request a retainer in the amount of $5000.00 and the filing fee in the amount of $1717.00 in order for file the Chapter 11 case. The retainer in the amount of $5,000.00 that we are requesting is not an indication of the total legal fee for this chapter 11 case. BARA, agrees to pay for all the legal fees and expenses we incur to represent BARA in connection with this Chapter 11 case.

We consider the retainer an advance payment retainer under Illinois because we are committing to provide legal services for the duration of the Chapter 11 case rather than on a month to month basis.   We will deposit the retainer into our operating account. The retainer becomes our property when we receive the retainer.   You have the right to request that the retainer be treated as a security retainer and placed into our client trust account.   We reserve the right to change the terms of our representation if you request a security retainer.

We will bill BARA periodically for the legal services we perform and the expenses we incur at the hourly rates listed above.  We will present applications for compensation to the court and the court will have the right to review and approve our legal fees and expenses.  If the total

cost of the legal services we perform and the expenses we incur are more than the retainer that we have been paid, BARA will be obligated to pay the balance due.

## CLIENT RESPONSIBILITIES

This agreement is limited to the Chapter 11 bankruptcy proceedings of, BARA. The execution of this agreement does not obligate us to represent any individual or entity other than BARA in connection with any matter other than this Chapter 11 proceeding.

We have advised you that we cannot represent the principals of BARA or any individual that has guaranteed, or is liable for, the debts of BARA. BARA or any other individual, will not be protected by the automatic stay, and will be required to hire a separate attorney to provide representation for their interests, including in any lawsuits or other collection actions by the creditors of BARA against them.

As the Manager of BARA you agree to fully cooperate with us with respect to the Chapter 11 case. You agree to provide us with complete and accurate information concerning the financial affairs of BARA You agree to provide us with a complete and accurate list of all creditors, personal property, income and all the other information required by the United States Bankruptcy Court and any trustee responsible for your case.

While BARA is operating in a Chapter 11 proceeding, there will be many obligations to the office of the United States Trustee and creditors which must be fulfilled. You will have the responsibility to file monthly financial operating reports disclosing the postpetition business operations, pay quarterly fees to the trustee, pay postpetition real estate and other taxes, and maintain adequate insurance coverage,

We have explained to you that the financial restructuring of BARA using Chapter 11 of the Bankruptcy Code will be a difficult legal proceeding. BARA will be required to operate its business after the case is filed without running deficits. BARA will also be required to pay its operating expenses including rent, insurance and all payroll expenses. BARA will be required to demonstrate that it can operate at a profit and develop a plan to repay its creditors over time.

We will make every effort to guide BARA through the chapter 11 case. However we are unable to guarantee you that BARA will be able to obtain debtor in possession financing to fund its operations, restructure its affairs to operate profitably, develop a viable reorganization plan to repay its creditors or confirm a reorganization plan. For these reasons, we cannot guarantee that the Chapter 11 reorganization for BARA will be a successful one. We must also advise you that in the event BARA cannot fund its postpetition operations, or develop a viable reorganization plan to repay its creditors, BARA will be faced with a dismissal of the chapter 11 case or the conversion to a chapter 7 liquidation.

While BARA is operating in a chapter 11 proceeding, there will be many obligations to the office of the United States Trustee and creditors which must be fulfilled. BARA will have the responsibility to file monthly financial operating reports disclosing the postpetition business operations, pay quarterly fees to the trustee pay postpetition state and local taxes, including payroll taxes and maintain adequate insurance coverage, In addition BARA may be required to

Page 3 of 5